**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **ROY LEE ALEX,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-250-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Roy Lee Alex, TDCJ-ID #1301564, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

In 2004, Alex was charged by indictment with felony driving while intoxicated (DWI) in

cause number 9256 in the 355th Judicial District Court of Hood County, Texas. (Clerk's R. at 10) The indictment also included punishment enhancement allegations. On February 10, 2005, Alex pled not guilty to the charge and true to the enhancement allegations, but a jury found him guilty and assessed his punishment at 85 years' confinement. (*Id.* at 42) On February 24, 2005, Alex was granted a new trial. (*Id.* at 44) On April 12, 2005, on retrial, Alex entered a plea of guilty to the jury and true to the enhancement allegations, and the jury found him guilty of the offense and assessed his punishment at 45 years' confinement. (*Id.* at 76) Alex appealed his conviction and/or sentence, but the Second District Court of Appeals affirmed the trial court's judgment, and, having been granted leave to file an out-of-time petition for discretionary review, the Texas Court of Criminal Appeals refused Alex's petition for discretionary review on April 18, 2007. *Alex v. Texas*, No. 2-05-324-CR, slip op. (Tex. App.–Fort Worth Mar. 2, 2006) (not designated for publication); *Alex v. Texas*, PDR No. 356-07. Alex did not seek writ of certiorari.

Alex filed a state application for writ of habeas corpus, raising one or more of the claims presented herein, that was denied without written order by the Texas Court of Criminal Appeals on February 27, 2008. *Ex parte Alex*, Appl. No. WR-32,869-03, at cover. Alex filed this federal petition on April 9, 2008. On December 29, 2008, the undersigned Magistrate Judge entered findings, conclusions and a recommendation that the petition be dismissed as time-barred. (docket entry #16) In light of the recent decision by the Supreme Court in *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), the action was referred back to the undersigned Magistrate Judge for evaluation in light of *Jimenez*. (docket entry #18) Having recalculated the limitations period under *Jimenez*, Alex's petition was timely filed.

## D. ISSUES

Alex raises four grounds in which he claims he was denied effective assistance of trial counsel (grounds one through three) and denied a fair determination regarding punishment because the trial court refused to transfer his case to another venue (ground four). (Petition at 7-8(a))

## E. RULE 5 STATEMENT

Quarterman does not dispute that Alex has exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1).

## F. DISCUSSION

### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

3

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *See Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Ineffective Assistance of Counsel

Alex claims his trial counsel was ineffective by failing to object to improper jury argument during the punishment phase of his trial and to support his motion for change of venue with live testimony. (Petition at 7-7(c))

A criminal defendant has a Sixth Amendment right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. In this context, Alex must show that counsel was ineffective and that but for counsel's deficient performance his sentence would have been significantly less harsh. *See Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008); *Spriggs v. Collins*, 993 F.2d 85,

88-89 (5th Cir. 1993). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Strickland*, 466 U.S. at 687, 697. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Texas Court of Criminal Appeals denied Alex's habeas application without express findings of fact or written order. This constitutes an adjudication on the merits by the state court and is entitled to the presumption of correctness. In the absence of a written opinion or express findings of fact, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11. Thus, assuming the state court applied the familiar *Strickland* attorney-performance standard to Alex's ineffective assistance claims and made factual findings consistent with the denial of the claims, we defer to the state court's determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Alex claims trial counsel was ineffective by failing to object to the prosecutor's improper jury argument. Permissible jury argument generally falls into one of four areas: (1) summation of

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *See Gomez v. Texas*, 704 S.W.2d 770, 771 (Tex. Crim. App. 1985). Improper prosecutorial remarks are a sufficient ground for habeas relief only if they are so prejudicial that they render the trial fundamentally unfair. *See Harris v. Cockrell,* 313 F.3d 238, 245 (5th Cir. 2002).

First, Alex complains of the following argument, which has been set forth in context:

> Look how long it took them. And what did it get them in Dallas? Where did it get them? Three years before he's out committing more felonies. But if you hear people after today, ladies and gentlemen, say that the system doesn't work, you can't participate in those conversations the same way anymore because you are the system. I can't enforce the law, your Granbury police officers can't enforce the law, *Bob Browder, we sent him to school and gave him the instrument down there, and all those tax dollars going to this law enforcement, but none of those people can enforce the law. And like we talked about on voir dire–and in the State of Texas, even–even the judge, Judge Walton, he cannot enforce the law. That is left up to you. It's for you to decide.* And you–people will hear your verdict, law enforcement hears your verdict, and know that–that the work that they do out there on the road is appreciated. The defendant hears the message. More importantly, others like him hear the message, that the –the oven, you know, the oven's hot in Hood County, you don't's come down here with this kind of history and commit a felony or repetition of DWI, then you're going to get punished. (Reporter's R., vol. 4, at 110) (emphasis added)

A proper plea for law enforcement may take many forms. This argument appears to be an attempt to convince the jury to act as the voice of the community and, thus, was an unobjectionable plea for law enforcement. *See Denison v. Texas*, 651 S.W.2d 754, 763 (Tex. Crim. App. 1983); *Haynes v. Texas*, 627 S.W.2d 710, 714 (Tex. Crim. App. 1982). Counsel is not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Even if the argument exceeded permissible bounds, Alex has not demonstrated that, but for trial counsel's failure to object, the jury would have imposed a significantly lower sentence, given his guilty plea to felony DWI, evidence that his alcohol concentration was twice the legal limit at the time of his

6

arrest, and his lengthy criminal record. (Reporter's R., vol. 4, at 43)

Second, Alex claims counsel was ineffective by failing to object to the prosecution's following argument involving parole and good conduct time, which is also set forth in context:

> First thing in that third full paragraph [of the jury charge], Judge Walton tells you that people in prison can be awarded good conduct time. And the prison authorities do that to mold, to shape, to control people's behavior in prison. You get good conduct time for taking steps to rehabilitate yourself . . . . And–and Judge Walton tells you almost word for word here, diligence in carrying out work assignments, you get this good conduct time. The prison authorities can also take this good conduct time away if you don't do what you're supposed to do, if you –if you get in a fight or what-have-you. This good conduct time is accumulating over here, and you become eligible for parole when the actual time you've served, actual days, plus the good conduct time put together equals one-fourth of your sentence or 15 years, whichever is less. Okay? So say that one more time. *The – the good conduct time – and they really shouldn't call it time because it's not time, it's – it's an award, it's a carrot or a stick, depending on how you look at it, that the prison authorities give or take away to get people to do what they want them to do.* (Reporter's R., vol. 4, at 99-100) (emphasis added)

Under Texas law, in the penalty phase of a felony trial in which the punishment is to be assessed by the jury, the jury must be instructed regarding the existence of the parole law and good conduct time, however, they are not to consider the extent to which good conduct time may be awarded to or forfeited by the particular defendant. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (Vernon Supp. 2009). It is acceptable to quote or paraphrase the court's charge during argument. *Perez v. Texas*, 994 S.W.2d 233, 237 (Tex. App.–Waco 1999, no pet.) This includes explaining or paraphrasing the parole law instruction in the charge. *Id.*

Alex claims the argument in question "reveals a critical statement that went outside the accepted range of argument by making a mockery of the State's parole laws with regards to the award of good conduct time." (Petition at 7) Even if the prosecutor's statement was an inappropriate explanation of parole law and good conduct credits, the jury charge admonished the

7

jury in accordance with state law on the issue. Alex presents nothing to overcome the presumption that the jury did not follow the court's instructions; therefore, he fails to show that he was prejudiced by trial counsel's failure to object to the improper argument. *See Colburn v. Texas,* 966 S.W.2d 511, 519-20 (Tex. Crim. App. 1998).

Finally, Alex claims counsel was ineffective by failing to support his motion for a change of venue with live testimony of two witnesses, both residents of Hood County, who were available to testify at the hearing. Attached to the motion, counsel submitted Alex's own affidavit and the affidavits of Pamela A. Walker and Louise A. James, in which they aver:

> It is not possible for Roy Alex to obtain a fair and impartial trial in Hood County, Texas because there is a great prejudice against Roy Alex. Specifically:
>
> Two prominent articles in the Hood County News have featured Movant and publicised [sic] his erroneous 85 year sentence on this charge. News of his sentence unfairly taints the potential veniremen. Additionally, movant is african american and the previous venire contained no blacks. (Clerk's R. at 67-71)

State law provides that, for certain causes, a change of venue may be granted in any felony or misdemeanor case punishable by confinement on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted. TEX. CODE CRIM. PROC. ANN. art. 31.03 (Vernon 2006). Counsel's motion complied with the requirements of article 31.03. During the hearing on the motion, counsel testified himself and called Alex to testify regarding the pretrial publicity. Alex asserts the live testimony of Walker and James, who knew people in the county well, would have strengthened the record with evidence, not found in the affidavits, to further support the need for a change in venue.

A voluntary guilty plea waives all nonjurisdictional defects preceding the plea, including all claims of ineffective assistance of counsel that do not implicate the voluntariness of the guilty plea.

8

*See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Haynes v. Butler,* 825 F.2d 921, 924 (5th Cir. 1987); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *Utsman v. Texas*, 485 S.W.2d 573, 574 (Tex. Crim. App. 1972). The Texas courts have not found venue to be a jurisdictional issue nor does the issue appear to have affected the voluntariness of Alex's guilty plea. *See Garner v. Scott*, 59 F.3d 1242, 1995 WL 413125, at *4 (5th Cir. June 21, 1995) (not designated for publication in the Federal Reporter). Thus, Alex's voluntary guilty plea waived his ineffective assistance claim. Moreover, Alex has not presented evidence that the witnesses were, in fact, available to testify and would have done so. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Alex has not demonstrated that the state court's rejection of his ineffective assistance claims involved an objectively unreasonable application of the *Strickland* standard or was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings.

### 3. Motion for Change of Venue

Alex asserts that, because of the pretrial publicity, the trial court should have probed the jury pool and granted his motion for change of venue and that the court's failure to grant the motion denied him a fair determination of his punishment. According to Alex, at least three articles regarding his first trial appeared in well-circulated newspapers, in which it was noted that he had been convicted a third time for DWI and received an 85-year sentence as an habitual offender. Two of the articles also noted that his initial attorney had been jailed for conduct related to the previous trial. (Reporter's R., vol. 2, Defendant's Exhibits 1-3)

During the hearing on the motion, the trial court took judicial notice of the fact that Hood County News and the Fort Worth Star Telegram are both newspapers of general circulation, widely read in Hood County, and heard argument and testimony from Alex, his trial attorney, and the

9

prosecuting attorney. (*Id.* at 1) At the conclusion of the hearing, the trial judge denied the motion but reserved the right to revisit the issue and, on the court's own motion, grant a change of venue "should I make the determination during the voir dire examination of the jury panel that there is some taint that prevents the empaneling of a fair and impartial jury to the hear this case." (*Id.* at 15) During voir dire, the prosecutor stated:

> I'll tell you, there's been something written about this case in the Hood County News. And I want to ask by a show of hands, raise your hand if you think you have read something about a felony DWI case where the defendant charged was Roy Lee Alex. Anybody heard anything or read anything about this in the Hood County News? If you have, if we start going through there and you think, "Wait, I remember that. I remember kind of this is the case I read about," raise your hand for me and we'll write your name down. (Reporter's R., vol. 3, at 10)

The record does not reflect that any of the venirepersons raised their hand or indicated that they had read the newspaper articles or were otherwise familiar with Alex's previous case.

The state appellate court squarely addressed this issue. Under article 31.03 of the Texas Code of Criminal Procedure, a change of venue may be granted "if there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial." TEX. CODE CRIM. PROC. ANN. art. 31.03(a)(1). For a defendant to prevail on a motion to change venue, he must demonstrate that publicity about the case is pervasive, prejudicial, and inflammatory. *See Degarmo v. Texas*, 922 S.W.2d 256, 262 (Tex. App.–Houston [14th Dist.] 1996, pet. ref'd). A defendant must demonstrate an actual, identifiable prejudice attributable to pretrial publicity on the part of the community from which members of the jury will come. *Id.* The mere fact that a defendant received pretrial publicity in the media does not automatically entitle him to a venue change. *Id.* Noting that Alex had been incarcerated since his previous trial and did not know anyone in Hood County, that only one of the articles talked about his conviction, and that

10

during voir dire the jury did not indicate that they knew anything about Alex, the state court concluded the trial court had not abused its discretion in overruling Alex's motion.

Alex's voluntary guilty plea waived his venue objections. *See United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2006); *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978). Moreover, Alex has not demonstrated the state court's determination of the issue is contrary to, or involves an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

## II. RECOMMENDATION

Alex's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 29, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 29, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 8, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE