IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 4 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| ROY LEE ALEX, § § | |
| Applicant, § § | |
| VS. § § | NO. 4:08-CV-250-A |
| NATHANIEL QUARTERMAN, § Director, Texas Department of § Criminal Justice, § Correctional Institutions § Division, § § | |
| Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein Roy Lee Alex ("Alex") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On May 8, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation, and ordered that Alex file objections, if any thereto, by May 29, 2009. Alex timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In his application, Alex objects to the magistrate judge's findings and conclusions that (1) the prosecutor's charge for the jury to enforce the law was proper, (2) the prosecutor was merely paraphrasing the jury charge, and (3) Alex's voluntary plea waived his objections regarding venue. The court addresses each objection below.

First, Alex objects to the magistrate judge's finding that the prosecutor's charge for the jury to enforce the law was permissible because, according to Alex, it is not the jury's job to enforce the law and making such statements encourages juries to engage in behavior that violates the separation of powers doctrine. This objection is without merit. See Parks v. State, 400 S.W.2d 769, 772 (Tex. Crim. App. 1966).

Second, Alex objects to the magistrate judge's finding that the prosecutor's statements regarding good conduct time were more or less paraphrases of the court's jury charge. Alex seemingly has a problem with the following statement:

> The -- the good conduct time -- and they really shouldn't call it time because it's not time, it's -- it's an award, it's a carrot on a stick, depending on how you look at it, that the prison authorities give or take away to get people to do what they want them to do.

Reporter's R., vol. 4, at 99-100. Alex argues that this type of statement "will cause a jury to impose a lengthy sentence to off

set the award of good time and supposed early release . . . ."
Objections at 2. Alex's counsel did object when the prosecutor
began to discuss good conduct time. Reporter's R. at 99. The
above-quoted statement was not an impermissible application of
how parole law would apply to Alex's specific case; rather, it
was a general, non-specific comment about good conduct time. See
Taylor v. State, 911 S.W.2d 906, 912 (Tex. App.--Fort Worth 1995,
pet. ref'd) (comparing permissible, generic statements with
impermissible statements specifically referring to a defendant).
Further, the prosecutor discouraged the jury from attempting to
apply parole law to Alex's case when deciding his sentence, and
the jury charge read:

> You may consider the existence of the parole law and
> good conduct time. However, you are not to consider the
> extent to which good conduct time may be awarded to or
> forfeited by this particular defendant. You are not to
> consider the manner in which the parole law may be applied
> to this particular defendant.

Clerk's R. at 73. Alex has failed to show that his counsel's
performance was deficient, nor has he shown that he was
prejudiced by any of his counsel's actions.

Finally, Alex's third and fourth objections both relate to
the magistrate judge's conclusion that, because Alex pleaded
guilty he has waived any argument regarding venue. The court
finds that these objections are without merit. See Garner v.
Scott, 59 F.3d 1242 (5th Cir. 1994) (per curiam).

Therefore,

The court accepts the findings, conclusions, and
recommendation of the magistrate judge and ORDERS that the

3

application of Roy Lee Alex for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED June 24, 2009.

_____
JOHN McBRYDE
United States District Judge

4